UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Walters | : |
| | :   No.: 11-7453 |
| v. | : |
| | : |
| Muhlenberg Township Police Department | : |

**DEFENDANT MUHLENBURG TOWNSHIP'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Muhlenburg Township, by and through counsel, William J. Ferren and Associates files this Answer to Plaintiff's Complaint with Affirmative defenses and in support thereof states as follows:

1. Admitted.

2. Denied. Defendant is advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, defendant denies the averments of this paragraph as they are stated. Strict proof of same is demanded at time of trial.

3. Denied. Defendant is advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, defendant denies the averments of this paragraph as they are stated. Strict proof of same is demanded at time of trial.

4. Denied. Defendant is advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, defendant denies the averments of this paragraph as they are stated. Strict proof of same is demanded at time of trial.

5. Denied. Defendant is advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, defendant denies the averments of this paragraph as they are stated. Strict proof of same is demanded at time of trial.

6. Denied. Defendant is advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, defendant denies the averments of this paragraph as they are stated. Strict proof of same is demanded at time of trial.

7. Denied. Defendant is advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and therefore the same are denied. By way of further reply, defendant denies the averments of this paragraph as they are stated. Strict proof of same is demanded at time of trial.

WHEREFORE, defendant respectfully requests that this Honorable Court find in its favor and against the Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### THIRD AFFIRMATIVE DEFENSE

Any injury or damage sustained by plaintiff was a direct and proximate result of plaintiff's conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by reason of plaintiff's contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

Neither, an act, or failure to act on the part of answering defendant, violated any of plaintiff's constitutional rights.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto did answering defendant, or any of its employees, act in bad faith or in an unreasonable, extreme, willful, wanton, outlandish, outrageous and/or malicious manner.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any act or omission by answering defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims as against answering defendants for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth

Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are not cognizable claims under either Federal or Pennsylvania state law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of "unclean hands."

### FOURTEENTH AFFIRMATIVE DEFENSE

All actions taken by the named defendant were objectively reasonable under the circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to absolute and/or qualified immunity with respect to plaintiff's claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

The actions and conduct of the defendants, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which defendants were then and there aware, and they enjoy qualified immunity from all liability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant's alleged action and/or inaction did not rise to the level of constitutional violation and therefore, the plaintiff did not suffer any infringement of his constitutional rights. The actions and conduct of the defendants did not violate any clearly established constitutional or federal statutory right of which the defendants reasonably should have been aware.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The damages alleged by plaintiff in his Complaint did not result from acts or omissions of defendant, but from acts and/or omissions of third parties over whom defendant had no control.

### NINETEENTH AFFIRMATIVE DEFENSE

The incident and/or damages described in plaintiff's Complaint may have been caused or contributed to by the plaintiff or another entity over whom answering defendant had no control.

### TWENTIETH AFFIRMATIVE DEFENSE

The incident, injuries and/or damages alleged to have been sustained by the plaintiff were not proximately caused by answering defendant.

WHEREFORE, the answering defendants deny that they are liable on the cause of action declared upon and demand judgment in their favor.

Respectfully submitted,

WILLIAM J. FERREN & ASSOCIATES

By: _____/s/ Christine E. Munion_____
Christine E. Munion, Esquire
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
Attorney I.D. No.: 42724
(215) 274-1731
cmunion@travelers.com
Attorney for Defendant

## **VERIFICATION**

I, Christine E. Munion, Esquire, state that the facts in the foregoing Defendant Muhlenburg Township's Answer to Plaintiff's Complaint with Affirmative Defenses are true and correct to the best of my knowledge, information and belief.  This Verification is made with knowledge of the penalties contained in 18 Pa. C.S.A. §4904, relating to unsworn verification to authorities.

By:_____*/s/ Christine E. Munion*_____

Dated:  February 6, 2012

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James Walters | : | |
| | : | No.: 11-7453 |
| v. | : | |
| | : | |
| Muhlenberg Township Police Department | : | |

## CERTIFICATE OF SERVICE

    I, Christine E. Munion, Esquire, hereby certify that I have served upon all persons listed below a true and correct copy of Defendant Muhlenburg Township's Answer to Plaintiff's Complaint with Affirmative Defenses in the above-captioned matter this date by First-Class Mail, postage prepaid to all parties listed below:

**James Walters**
**631 Washington Street**
**Reading, PA  19601**

WILLIAM J. FERREN & ASSOCIATES


By:_____*/s/ Christine E. Munion*_____
        Christine E. Munion, Esquire
        10 Sentry Parkway, Suite 301
        Blue Bell, PA  19422
        Attorney I.D. No.:  42724
        (215) 274-1731
        cmunion@travelers.com
        Attorney for Defendant

Dated:  February 6, 2012